**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

KAYLA D. WALKER, an individual,

    Plaintiff,

                                    **CASE NO.:** 3:21cv503 _____

v.

UNIQUE AUTO SALES, LLC, a Virginia limited
liability company, and ON DEMAND TOWING
AND RECOVERY, INC., a Virginia corporation,

    Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Kayla D. Walker, an individual, sues Defendants, Unique Auto Sales, LLC, a Virginia limited liability company, and On Demand Towing and Recovery, Inc., a Virginia corporation, and alleges:

## GENERAL ALLEGATIONS

1.    As detailed below, Ms. Walker purchased and financed a used automobile through a local finance company. Without notice to Ms. Walker, Defendants repossessed the vehicle notwithstanding the fact that Ms. Walker was current in the payment of her obligations in her loan. When Ms. Walker objected to the repossession, Defendants enlisted the police to force the taking of the car.

2.    As a result of the acts of Defendants, Ms. Walker seeks statutory and actual damages for *inter alia* violations of state and federal consumer protection laws.

## ALLEGATIONS AS TO PARTIES

3.    At all times material hereto, Plaintiff, Kayla D. Walker ("Ms. Walker"), was *sui*

*juris* and a resident of North Chesterfield, Virginia.

4.      At all times material hereto, Ms. Walker resided at 6141 Duncan Road, Apt. E, North Chesterfield, Virginia 23803 ("Walker Residence").

5.      At all times material hereto, Defendant, Unique Auto Sales, LLC, ("Unique Auto"), was a Virginia limited liability company doing business in Richmond, Virginia.

6.      At all times material hereto, Defendant, On Demand Towing and Recovery, Inc. ("On Demand Towing"), was Virginia corporation doing business in Richmond, Virginia.

7.      At all times material hereto, Unique Auto was in the business of selling and financing of used automobiles in Richmond, Virginia.

8.      At all times material hereto, On Demand Towing was in the business of recovering and repossessing motor vehicles in Richmond, Virginia.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over this action pursuant to 15 U.S.C. §1692, *et seq.*, 28 U.S.C.§ 331, and supplemental jurisdiction of the state law claims regarding the same transactions and events under 28 U.S.C §1367(a).  Venue is proper in this District under 28 U.S.C. §1391(b).

## FACTUAL ALLEGATIONS

### A.  Financing of Vehicle by Ms. Walker

10.      On or about February 4, 2021, Ms. Walker entered into a Retail Installment Contract and Security Agreement ("RISC") with Unique Auto.

11.      A copy of the RISC is attached hereto and incorporated by reference as Exhibit "A."

12.      Pursuant to the RISC, Ms. Walker financed the purchase of a used 2013 Nissan Altima motor vehicle, VIN # 1N4AL3AP9DC263798 ("Nissan").

13.     Since the purchase of the Nissan, Ms. Walker used the Nissan for her personal and household purposes, to wit: transportation to and from work, shopping, and personal appointments.

## B.   Unlawful Repossession of Nissan

14.     Since purchasing the Nissan, Ms. Walker faithfully paid her monthly installments to Unique Auto and maintained insurance coverage as required under the RISC.

15.     On June 29, 2021, at approximately 5:00 P.M., Ms. Walker and her friend, Diamond Jackson ("Ms. Jackson") went to the local food store at 5812 Boydton Plank Rd, Petersburg, VA 23803 to buy groceries.

16.     While Ms. Walker in her car on the side parking area of the food store, a tow truck operated by two employees of On Demand Towing placed their vehicle directly behind the Nissan to prevent Ms. Walker from leaving the parking spot.

17.     Seeing the tow truck behind her vehicle, Ms. Walker waited a moment to allow the truck to clear her path.

18.     To the great surprise of Ms. Walker, the passenger of the tow truck exited his vehicle and quickly placed a boot on the passenger rear tire of the Nissan.

19.     Ms. Walker was in shock.

20.     Ms. Walker rolled her window down and yelled out to the employees of On Demand Towing for an explanation.

21.     The driver of the tow truck walked up to the car window to address Ms. Walker.

22.     To the surprise and shock of Ms. Walker and Ms. Jackson, the driver had a holstered pistol in his belt.

23.     Both Ms. Walker and Ms. Jackson were placed in immediate fear when they saw the armed tow truck driver.

24.     The driver of On Demand Towing stated that he had a repossession order.

25.     The driver of On Demand Towing instructed Ms. Walker to exit the car.

26.     Ms. Walker refused.

27.     Ms. Walker told the employees of On Demand Towing that she was current on her loan.

28.     Ms. Walker demanded that the tow truck driver remove "the boot" and move the tow truck so she could leave.

29.     Ms. Walker telephoned the Dealership to learn the reason, if any, for the repossession attempt.

30.     The Dealership informed Ms. Walker that the Nissan was being repossessed because of "*no insurance*."

31.     Ms. Walker responded to the Dealership that she had insurance and immediately e-mailed a copy of her insurance information.

32.     Upon receipt of the email from Ms. Walker, the Dealership then stated the vehicle was being repossessed because the Dealership was not a "*lienholder*."

33.     In response, Ms. Walker then emailed to the Dealership proof that the Dealership was in fact listed as a lienholder on her insurance policy.

34.     Despite Ms. Walker providing proof of insurance, the Dealership refused to terminate the repossession and instruct the recovery agents to withdraw.

35.     Instead of confirming what he had been told by Ms. Walker, the tow truck driver proceeded to contact the Dinwiddie County Sheriff's Office ("Sheriff's Office") for assistance.

36.     When two squad cars with the Sheriff's Office arrived, Ms. Walker repeated her account to the deputies that she was current in their loan and that the tow truck driver was mistaken.

37.     Ms. Walker again objected to the repossession of the Nissan.

38.     Rather than instructing the tow truck driver leave the parking lot, the deputy instead directed Ms. Walker to surrender the Nissan.

39.     Based on her life experience as a marginalized black person, out of fear of arrest, Ms. Walker acquiesced to the order of the deputy to let the tow truck driver remove the Nissan.

40.     While the encounter with the tow truck driver and the deputy was taking place, store patrons and passersby stopped to investigate the commotion.  Ms. Walker was mortified.

41.     The onlookers watching the Nissan being removed from the store parking lot caused Ms. Walker great embarrassment and shame as it placed her into the false light of being in default in her car loan.

42.     Ms. Walker and her companion were left without transportation to get home in an area without public transportation and limited taxis or ride-shares.

43.     Ms. Walker was distraught, crying, and unable to speak clearly.

44.     Seeing her friend breakdown, Ms. Jackson asked the deputies to drive them back to Ms. Walker's residence to avoid walking several miles in the summer heat.

45.     Seeing Ms. Walker was distraught, the deputies reluctantly agreed to bring the women home.

46.     Ms. Jackson and Ms. Walker were transported in the back of a squad car.

47.     The trip home caused Ms. Walker to experience even greater embarrassment as neighbors watched Ms. Walker being transported in a police car.

48.     After several telephone calls to Unique Auto, Unique Auto confirmed that it had wrongfully ordered the repossession of the Nissan.

49.     Even though Unique Auto acknowledged that it had wrongfully ordered the

repossession of the Nissan, Unique Auto did not return the Nissan to the residence of Ms. Walker. Instead of being a good corporate citizen, Unique Auto informed Ms. Walker that she could retrieve the vehicle from On Demand Towing at its tow yard.

50.     When Ms. Walker arrived at the tow yard of On Demand Towing, On Demand Towing refused to return possession of the Nissan until Ms. Walker paid a towing fee of One Hundred Seventy-Five Dollars ($175.00) ("Tow Fee").

51.     A copy of the Tow Fee receipt is attached hereto as Exhibit "B."

52.     Upon Ms. Walker paying the Tow Fee, the Nissan was returned to Ms. Walker on July 1, 2021.

## COUNT I - ACTION FOR VIOLATION OF FEDERAL
## FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692, *ET SEQ.*)
### *(AS TO ON DEMAND TOWING)*

53.     This is an action for violation of 15 U.S.C. §1692, *et seq.,* known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA").

54.     Ms. Walker realleges and reaffirms the allegations contained in Paragraphs 1 through 52 above as if set forth hereat in full.

55.     At all times material hereto, Ms. Walker was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

56.     At all times material hereto, Unique Auto was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

57.     At all times material hereto, the obligation under the RISC was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

58.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, including:

(6)     Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if —

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(B) there is no present intention to take possession of the property; or

(C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. §1692f(6)

59.     Repossession agents such as On Demand Towing are typically not within the definition of the term "debt collector" under 15 U.S.C. §1692a(6), except with respect to compliance with the requirements of  15 U.S.C. §1692f(6). *See, Goodwin v. His Choice Towing & Recovery,* 2019 WL 121219 (N.D. Ga. Jan. 14, 2019) [in granting summary judgment against a recovery agent, court held: "[b]ased on the undisputed facts in the record, Plaintiff was not in default at the time Defendants repossessed her Dodge Durango. Accordingly, Defendants lacked a present right to take possession of the Dodge Durango and violated Section 1692f(6)"] *; Wright v. Santander,* 2018 WL 2095171 (M. D. Fla. May 1, 2018)*, see also, Smith v. AFS Acceptance, LLC*, 2012 WL 1969415 (M.D. Ill. 2012) [repossession agent is subject to the FDCPA if repossession occurs as a result of "breach of peace"]; *Purkett v. Key Bank USA, N.A.*, 2001 WL 503050 (N.D. Ill. 2001) [recovery agent which broke through locked door to repossess car sufficient to allege breach of peace for purposes of liability under 15 U.S.C. §1692f(6)].

60.     As more particularly described above, On Demand Towing has violated the FDCPA in that On Demand Towing took possession of the Nissan without legal right and through a breach of the peace under the UCC, in contravention of 15 U.S.C. §1692f(6)(A).

61.     As a direct and proximate result of the violation of the FDCPA by On Demand

Towing, Ms. Walker has been damaged. The damages of Ms. Walker include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, and embarrassment.

62.    Pursuant to 15 U.S.C. §1692k, Ms. Walker is entitled to recover actual damages together with statutory damages of $1,000.00, along with court costs and reasonable attorney's fees.

63.    Ms. Walker has retained the undersigned law offices to represent her interests herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Kayla D. Walker, demands judgment against Defendant, On Demand Towing and Recovery, Inc., a Virginia limited liability company, for actual and statutory damages, together with interest, costs, and attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT II – ACTION FOR VIOLATION OF THE UCC
### (AS TO UNIQUE AUTO)

64.    This is an action for violation of Article 9, Part VI of the UCC brought herein pursuant to the pendant jurisdiction of the Court.

65.    Ms. Walker realleges and reaffirms the allegations contained in paragraphs 1 through 52 above as if fully set forth herein.

66.    At all times material hereto, the Nissan was "collateral" as said term is defined under

67.    At all times material hereto, Ms. Walker was a "debtor" as said term is defined under VA Code Ann. §8.9A-102(a)(28).

68.    At all times material hereto, the Nissan constituted "consumer goods" as said term is defined under VA Code Ann. §8.9A-102(a)(24).

69.     At all times material hereto, Unique Auto was a "secured party" as said term is defined under VA Code Ann. §8.9A-102(a)(73).

70.     Pursuant to VA Code Ann. §8.9A-609, a secured party such as Unique Auto may not disable consumer goods[1] and may take possession of collateral **after default** without judicial process, if it proceeds without breach of the peace and when it has the legal right to do so.

71.     Pursuant to VA Code Ann. §8.9A-610, every aspect of the disposition of collateral, including the method, manner, time, place and other terms must be commercially reasonable.

72.     The repossession of the Nissan involved a breach of the peace, was without legal right and was not commercially reasonable within the meaning of the UCC.

73.     As a direct and proximate result of the above-described acts, Unique Auto is liable for all damages sustained by Ms. Walker.

74.     Pursuant to VA Code Ann. §8.9A-925, Ms. Walker has the right to recover actual damages or an amount not less than the credit service charge plus ten percent of the principal amount of the debt or the time-price differential plus 10 percent of the cash price.

75.     Ms. Walker has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Kayla D. Walker, an individual, demands judgment against Defendants, Unique Auto Sales, LLC, a Virginia limited liability company, for actual and statutory damages together with interest and costs.

## COUNT III- ACTION FOR TRESPASS TO CHATTELS
### *(AS TO BOTH DEFENDANTS)*

76.     This is action for trespass of chattels brought herein pursuant to the pendant jurisdiction of the Court.

---

[1] VA Code Ann. §8.9A-609 (2) only allows disablement of equipment.

77.     Ms. Walker realleges and reaffirms the allegations contained in Paragraphs 1 through 52 above as if set forth hereat in full.

78.     At all times material hereto, Ms. Walker had legal and equitable ownership and lawful possession of the Nissan at the time of its taking by Defendants.

79.     Defendants interfered with the exclusive right to possession of Ms. Walker of the Nissan by repossessing the Nissan without the authority of law.

80.     Defendants intended to perform the acts that amounted to the unlawful interference with the personal property of Ms. Walker.

81.     Defendants had no legal authority or right to commit the act that amounted to the unlawful interference with the personal property of Ms. Walker.

82.     As a result of the above-described trespass to the chattel of Ms. Walker, Ms. Walker has been damaged. The damages of Ms. Walker include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment, as well as loss of the use of the Nissan while same was in the possession of Defendants.

83.     The actions of Defendants were in wanton and reckless disregard for the rights of others to the extent that punitive damages are warranted.

WHEREFORE, Plaintiff, Kayla D. Walker, an individual, demands judgment against Defendants, Unique Auto Sales, LLC, a Virginia limited liability company, and On Demand Towing and Recovery, Inc., a Virginia limited liability company, for damages, both jointly and severally, together with interest and court costs.

## COUNT IV- ACTION FOR VIOLATION TO 42 U.S.C. §1983
### *(AS TO BOTH DEFENDANTS)*

84.     This is action for violation of 42 U.S.C. §1983.

85.     Ms. Walker realleges and reaffirms the allegations contained in Paragraphs 1 through 52 above as if set forth hereat in full.

86.     The Fourteenth Amendment of the United States Constitution protects persons from unlawful seizure.

87.     The Fourteenth Amendment of the United States Constitution protects persons from the deprivation of property without due process of law.

88.     Ms. Walker objected to the seizure of her vehicle and had a statutory and constitutional right to the possession of her vehicle.

89.     Defendants, through the Dinwiddie County Sheriff's Office, under the color of state law deprived Ms. Walker of her property without due process of law and through the unlawful seizure of the vehicle.

90.     The Dinwiddie County Sheriff's Office assisted in the repossession of the vehicle by the Defendants.

91.     Defendants were unable to secure possession of Ms. Walker's vehicle without the assistance from the Dinwiddie County Sheriff's Office which forced Ms. Walker to relinquish her vehicle.

92.     The right of Ms. Walker to continue possession of her property and to object to repossess or take into possession of the car is clearly established in law.  *See, e.g., Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 513 (5th Cir. 1980); *Booker v. City of Atlanta*, 776 F.2d 272, 273 (11th Cir. 1985); *Soldal v. Cook County*, 506 U.S. 56 (1992); *Cofield v. Randolph County Commission*, 90 F.3d 468 (11th Cir. 1996); *Woynar v. City of Daytona Beach*, 2012 WL 1110064 (M.D. Fla. 2012).

93.     The action of the Dinwiddie County Sheriff's Office caused Ms. Walker to be subjected to deprivation of the rights, privileges, and immunities secured by the United States Constitution and entitles Ms. Walker to actual damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988.

94.     Ms. Walker has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Kayla D. Walker, an individual, demands judgment against Defendants, Unique Auto Sales, LLC, a Virginia limited liability company, and On Demand Towing and Recovery, Inc., a Virginia limited liability company, for actual and punitive damages, together with interest, costs, and attorney's fees pursuant to 42 U.S.C. §1988, and for other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, Kayla D. Walker, an individual, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

Dated this 3rd day of August 2021.

*/s/ Robert W. Murphy*
ROBERT W. MURPHY
1212 S.E. 2nd Avenue
VSB No. 96230
Fort Lauderdale, Florida 33316
T: (954) 763-8660
F: (954) 763-8607
rwmurphy@lawfirmmurphy.com

JOHN COLE GAYLE, JR.
VBN: 18833
The Consumer Law Group, P.C.
1508 Willow Lawn Drive, Suite 220
Richmond, VA 23230

COUNSEL FOR PLAINTIFF